# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 25-cv-03045-REB

J.R.,

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

    Defendant.

---

## ORDER REVERSING DISABILITY DECISION AND REMANDING TO AGENCY

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed September 29, 2025, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she is disabled as a result of seizure disorder, Torsades de

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Although the parties consented to have the matter referred to and determined by a United States magistrate judge (*see* [#12], filed October 12, 2025), I exercise my discretion under **D.C.COLO.LAPR** 72.2(d) to decline to enter an order of reference under 28 U.S.C. § 636(c).

Pointes,[3] right homonymous hemianopsia,[4] depressive disorder, anxiety disorder, post-traumatic stress disorder (PTSD), and a mild neurocognitive disorder.  After her applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on September 12, 2024.  At the time of the hearing, plaintiff was 41 years old.  She has an associates degree.  Because plaintiff had not engaged in substantial gainful activity in the five years prior to the hearing, the ALJ found she had no past relevant work experience.  Plaintiff has not engaged in substantial gainful activity since January 12, 2019, her alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits.  Although the medical evidence established plaintiff suffered from multiple severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other impairments were found to be non-severe.  The ALJ found plaintiff had the residual functional capacity to perform a reduced range of light work involving, relevantly for purposes of this appeal, the ability to "understand, remember, and carry out simple tasks and instructions."  Although plaintiff had no past

---

[3] "Torsades de Pointes is a rare, dangerous type of fast heart rhythm (tachycardia), which may cause "heart palpitations, dizziness and fainting." although also can be asymptomatic. "Cardiac arrest is also possible."  (Cleveland Clinic, *Torsades de Points* (Nov. 21, 2025) (available at: https://my.clevelandclinic.org/health/diseases/21915-torsades-de-pointes) (last accessed: March 9, 2026).)

[4] "Homonymous hemianopia refers to an absence of vision towards one side of the visual world in each eye.  The vision loss is on the same side in each eye (for example, the right half of each eye).  The damage that caused this problem is in the brain and not in the eyes."  (North American Neuro-Opthalmology Society, *Homonymous Hemianopsia* (available at:  https://www.nanosweb.org/i4a/pages/ index.cfm?pageid=4166) (last accessed: March 9, 2026).)

relevant work, the judge determined there were other jobs existing in sufficient numbers in the national and local economies she could perform.  She therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite  sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must

       significantly limit the claimant's physical or mental ability to do basic work activities.

3.     The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4.     If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5.     If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(I)-(v).[5]  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is

---

[5] Throughout this opinion, although I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

In a single point of error, plaintiff contends the ALJ erred by relying on jobs identified by the vocational expert at step five of the sequential evaluation.  (*See* Tr. 32, 63-64.)  Specifically, plaintiff maintains the limitation in the ALJ's residual functional capacity assessment to jobs requiring the ability to carry out only "simple instructions" conflicts with the demands of the jobs on which the ALJ relied to find plaintiff not disabled.  I agree.  Although the ALJ's decision is otherwise impressively comprehensive, because she neither identified nor resolved this apparent conflict, I reverse.

The Commissioner recognizes that "[o]ccupational evidence provided by a [vocational expert] or [vocational specialist] generally should be consistent with the

occupational information supplied by the DOT [Dictionary of Occupational Titles]." **Social Security Ruling** 00-4p, 2000 WL 1898704 at *2 (SSA Dec. 4, 2000).  If it is not, the ALJ has an affirmative duty to inquire as to the conflict on the record.  *Id.* at *4.  "When vocational evidence . . . is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the . . . evidence to support a determination or decision that the individual is or is not disabled."  *Id.  See also Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir.1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

That duty was not discharged properly in this instance.  The ALJ limited plaintiff to jobs requiring the ability to understand, remember, and carry out simple instructions. (Tr 22-23.)  However, the jobs identified by the vocational expert on which the ALJ relied all have a General Educational Development ("GED")[6] reasoning level of 2 (*see* Tr. 32, 63-64), indicating they require the ability to "[a]pply commonsense understanding to carry out *detailed but uninvolved* written or oral instructions."  Dictionary of Occupational Titles ("**DOT**"), App. C § III: Components of the Definition Trailer [hereinafter "**DOT**, App. C § III"] (available at:  http://www.occupationalinfo.org/ appendxc_1.html#III (last accessed March 4, 2026) (emphasis added).)

The law of this circuit is clear that jobs requiring level three reasoning are incompatible with a residual functional capacity limited to simple and routine tasks, *see*

---

[6]  GED is comprised of three variables – Reasoning Development, Mathematical Development, and Language Development – and "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance."  **DOT**, App. C § III.

***Hackett v. Barnhart***, 395 F.3d 1168, 1176 (10th Cir. 2005), as well as one providing only for the ability to follow simple instructions, ***Paulek v. Colvin***, 662 Fed. Appx. 588, 594 (10th Cir. 2016).  On the other hand, the Tenth Circuit has not definitively held that jobs which require level two reasoning also are beyond the residual functional capacity of a claimant who is limited to simple instructions.  ***See T.J.G. v. Commissioner, Social Security Administration***, 2025 WL 1862840 at *8 (D. Colo. July 7, 2025).  The Eighth Circuit has found such jobs compatible with a limitation to simple instructions.  ***See Galloway v. Kijakazi***, 46 F.4th 686, 690 (8th Cir. 2022) (finding "no direct conflict between carrying out simple job instructions . . . and a vocational expert's identification of occupations involving instructions that, while potentially detailed, are not complicated or intricate") (citing ***Moore v. Astrue***, 623 F.3d 599, 604-05 (8th Cir. 2010)).  The Fourth Circuit has at least entertained the idea.  ***Keller v. Berryhill***, 754 Fed. Appx. 193, 198 (4th Cir. 2018) (while noting that "[a] limitation to short and simple instructions appears more consistent with Reasoning Development Level 1 or Level 2," conceding "it is not entirely clear to us that a person limited to short and simple instructions can also carry out Level 2 jobs that include 'detailed but uninvolved' instructions").

In this district, however, courts which have considered the question consistently have found the requirements of level two reading presumptively incompatible with a limitation to simple instructions.  ***See T.J.G.***, 2025 WL 1862840 at *11 (remanding to resolve apparent conflict but "declin[ing] to find that a limitation to simple instructions is *always* incompatible with jobs requiring level-two reasoning.") (emphasis in original; footnote omitted); ***M.D. v. Kijakazi***, 2022 WL 3227621 at *13 (D. Colo. Aug. 10, 2022)

7

("[B]ased on the plain language of the GED reasoning levels, a limitation to 'simple' instructions is more in line with jobs requiring level-one reasoning, rather than level-two."); ***C.H.C. v. Commissioner, Social Security Administration***, 2022 WL 950433 at *8 (D. Colo. March 29, 2022) ("The plain language of [the **DOT**] suggests that jobs with level 2 reasoning skills require one to comply with 'detailed instructions' rather than mere 'simple instructions.'"); ***Deveraeaux v. Astrue***, 2013 WL 2393075 at *8 (D. Colo. May 31, 2013) ("[I]t is near impossible to reconcile the ALJ's determination on this issue[.]")

      Having considered the authorities and arguments advanced on both sides of the debate, I agree with my colleagues in this district that there is an apparent conflict between a reliance on jobs requiring level two reasoning and a residual functional capacity determination that a claimant is limited to simple instructions. I see no reason to provide my own festooned reiteration of their well-reasoned and cogent decisions on this point.

      I write further only to add that, in addition to the persuasive, interlocking rationales which support these decisions, the very lingual structure of the DOT supports a conclusion that the word "simple" is not coterminous with the word "detailed." Whereas reasoning level 1 jobs are those that require the ability "to carry out *simple one- or two-step instructions*," reasoning level two jobs require the ability "to carry out *detailed but uninvolved* written or oral instructions." **DOT**, App. C § III (emphases added). Thus, structurally, "simple" is correlated with "detailed," while "one- or two-step

instructions" is correlated with "uninvolved" instructions.[7]  I find inescapable the conclusion that "simple" and "detailed" are intended to mean different things in this context.

The ALJ has an affirmative duty to inquire as to and resolve any apparent conflict between the job requirements identified in the DOT and the vocational expert's testimony.  **Social Security Ruling** 00-4p, 2000 WL 1898704 at *4.  *See also Akbichi v. Berryhill*, 2018 WL 1737206 at *3 (D. Colo. April 11, 2018).  This she did not do.[8]  I also decline the Commissioner's tacit request that I engage in harmless error review. The ALJ's  finding that plaintiff has the ability to "complete attention *tasks*" and accomplish various *tasks* of daily living (*see* Tr. 22) does not speak clearly or directly to her ability to carry out detailed *instructions*.  Likewise, while the ALJ found the opinion of the state agency physician persuasive (Tr. 31), in so doing, she did not address the doctor's conclusion that there was "[n]o evidence of limitation" in plaintiff's ability to carry out detailed instructions (Tr. 116).  Instead, she again relied principally on plaintiff's ability to engage in activities of daily living, i.e. *tasks*, to support her determination.  (Tr. 31.)

For these reasons, reversal is required.[9]

---

[7] To echo somewhat the court in *T.J.G.*, "simple" and "detailed" appear to describe the complexity *vel non* of the instructions, while "one- or two-steps" and "uninvolved" appear to denote the number of instructions involved.  2025 WL 1862840 at *9.

[8] Although the ALJ stated that she had found the vocational expert's testimony to be consistent with the DOT (*see* Tr. 32), she failed to explain how she reached that conclusion, which failure also constitutes error, *see* **Social Security Ruling** 00-4p, 2000 WL 1898704 at *4 ("The adjudicator will explain in the determination or decision how he or she resolved the conflict.").  Moreover, in explaining her testimony that there was no such conflict, the vocational expert identified only "items that fall outside the scope" of the DOT – which identifying the appropriate GED level of various jobs does not – and the suggested limitations on plaintiff's capacity to climb as supporting this purported consistency.  (*See* Tr. 64.)

[9] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2.  That this case is remanded to the ALJ, who is directed to

   a.   Resolve the apparent conflict between the vocational expert's testimony and her determination that plaintiff could perform the jobs identified at step five of the sequential evaluation;

   b.   Solicit further medical or vocational expert testimony, recontact any treating or other medical source, or otherwise further develop the record as he deems necessary; and

   c.   Reassess the disability determination; and

3.  That plaintiff is awarded her costs, to be taxed by the clerk pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).

Dated March 10, 2026, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge